IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam, | ) | C/A No.: 3:14-3240-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Otis Daniels, Officer; Dr. NFN Cross, | ) | REPORT AND RECOMMENDATION |
| Doctor; Judy Dupree, Social Worker; | ) | |
| Lori Avent, Sheriff; Ms. Monique, | ) | |
| NLN; and Kenny Boone, Sheriff, in | ) | |
| their individual and personal capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Leo McClam, proceeding pro se and in forma pauperis, is a detainee at Correctional Care Solutions/South Carolina Department of Mental Health ("SCDMH"). He brings this civil action asserting claims for false arrest, false detainment, and verbal abuse. [Entry #1 at 2]. Although Plaintiff does not identify most of the defendants, they appear to be law enforcement officials or staff at the SCDMH. Plaintiff also filed a motion requesting that the court issue an order removing his picture and information from the internet. [Entry #3].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process and deny Plaintiff's motion ordering that his information be removed from the internet.

I.      Factual and Procedural Background

Plaintiff claims that he went to the Horry County Sheriff's Office on or about October 24, 2012, to register as a sex offender. [Entry #1 at 3]. Plaintiff alleges that approximately two weeks later Horry County issued a warrant for his failure to register as a sex offender. *Id.* Plaintiff states that "before the prior two weeks were up," he registered in Florence County as a sexual predator. *Id.* Plaintiff argues that it was up to the "present custody of the county to register county wide the new predator." *Id.* Plaintiff contends that he served one year for failure to register (second offense). *Id.*

Plaintiff states that Daniels arranged for him to be "locked up until presently from the Horry County Detention Center til probate court in the SCDMH's custody." *Id.* Plaintiff contends that he contacted ombudsman investigator Stroman, and she found "proof of verified lack of dignity and false arrest." *Id.* Plaintiff attaches a copy of the ombudsman's report to his complaint, which indicates a verification that staff attitude reflected a lack of dignity and respect, but does not address Plaintiff's claims for false arrest. [Entry # 1-1]. Nowhere in the allegations of Plaintiff's complaint does he mention Cross, Dupree, Avent, Monique, or Boone.

Plaintiff seeks declaratory relief, release from SCDMH custody, injunctive relief, and monetary damages. *Id.* at 5. Plaintiff also requests that the court issue an order removing his picture and identification as a sex offender from the internet. [Entry #3 at 1].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a

3

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Factual Allegations (Cross, Dupree, Avent, Monique, and Boon)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff provides no factual allegations regarding Cross, Dupree, Avent, Monique, and Boone. Accordingly, these defendants are entitled to summary dismissal from the action.

        2.    False Arrest/Detainment

Liberally construed, Plaintiff alleges that he was falsely arrested and such arrest led to his being illegally detained. [Entry #1 at 3]. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Federal

courts have also ruled that *Heck v. Humphrey* and its "favorable termination" requirement applies to civil rights challenges lodged against civil commitment orders. *See Turner v. Johnson*, 466 Fed. Appx. 214 (4th Cir. 2012); *see, also, Banda v. N.J. Special Treatment Unit Annex*, 164 Fed. Appx. 286, 287 (3rd Cir. 2006) (finding that *Heck* barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"); *Talbot v. Loya,* No. 4:03-3400, 2005 WL 2765131 at *2 (D.Neb. 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence").

Although Plaintiff contends that the ombudsman's investigative report verified his alleged false arrest,[1] Plaintiff provides no facts to demonstrate that he has successfully challenged his October 2012 arrest or his subsequent civil commitment. [Entry #1 at 3]. In fact, Plaintiff indicates he served a year in prison for his failure to register as a sex offender. *Id*. Accordingly, Plaintiff's claims for false arrest and detainment are barred by *Heck*. The undersigned recommends that Plaintiff's false detainment and false arrest claims be summarily dismissed. *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011); *Preiser v. Rodriguez*, 411 U.S. 475 (1973)

---

[1] The ombudsman's report contains the following handwritten notation "Including false arrested" next to the initials "SS." [Entry #1-1]. These is no other discussion or reference in this document to Plaintiff's arrest. *Id.*

(holding that habeas corpus is the exclusive remedy for a petitioner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

        3.      Verbal Abuse (Daniels)

To the extent Plaintiff attempts to bring a claim against Daniels based on alleged verbal abuse, Entry #1-1 at 1, such allegations fail to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F.Supp.2d 501, 538 n.16 (D.S.C. 2007); *Wilson v. McKeller,* 254 Fed. Appx. 960, 961 (4th Cir. 2007) (finding that verbal assault, standing alone, is not a cognizable injury in a § 1983 civil rights action). While such behavior is reprehensible, it does not give rise to a cognizable claim pursuant to § 1983. Plaintiff's verbal abuse claims are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process and that Plaintiff's motion for an order removing his picture and identification as a sex offender from the internet [Entry #3] be denied.

    IT IS SO RECOMMENDED.

August 20, 2014                                  Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).